UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO. 18-86 |
| CARLOS ALBERTO ZELAYA ROJAS | SECTION "F" |

ORDER AND REASONS

Before the Court is the government's motion to strike the third-party petitions by Mario Zelaya and Susana Tirado-Zelaya and its request that the Court enter a final order of forfeiture. For the following reasons, the motion is GRANTED.

**Background**

This ancillary proceeding adjudicating third party rights to forfeitable property arises from a Honduran money laundering conspiracy. On April 27, 2018, Carlos Alberto Zelaya Rojas was indicted in a 12-count indictment charging him with conspiracy, money laundering, impairing a court's jurisdiction over property subject to forfeiture, impeding an official proceeding, and

1

perjury.  Two months later, the government filed a one-count superseding bill of information, which charged Rojas with conspiracy to commit money laundering; the bill included a notice of forfeiture listing the nine parcels of real estate in St. Tammany Parish.

On June 27, 2018, Rojas pled guilty to the one-count conspiracy charge.  In the Factual Basis, which Rojas adopted under oath during the rearraignment proceeding, he acknowledged under oath that the nine parcels of real estate in St. Tammany Parish, which were identified in the Notice of Forfeiture contained in the superseding bill of information, were purchased by him with criminal proceeds as part of the conspiracy between himself and his brother, Mario Zelaya (formerly identified in the indictment as an unindicted co-conspirator, "Honduran Public Official 1"), the former executive director of the national social security agency of Honduras (the Honduran Institute of Social Security, or HISS), and others, to launder bribe payments and public funds embezzled from HISS.  Rojas signed all relevant closing documents for the nine properties and directed the financial transactions used to purchase them.  Rojas further acknowledged in the Factual Basis that he and his brother, Mario Zelaya, went to great lengths to make the overseas bribe payments appear to be legitimate commercial transactions by creating false and back-dated documents

such as a fake business loan contract in the amount of $1,080,000.000 (fake loan contract) and a fake Contract to Promise to Buy and Sell approximately $300,000 of real estate in Valle de Angeles, Honduras (fake purchase agreement). The fake loan contract was intended to disguise the illegal source of funds for six of the parcels in St. Tammany, including the used car lot. The fake purchase agreement was intended to cover up the illegal source of funds used to buy the other three properties, which are the ones at issue in this ancillary proceeding: 425 Depre Street; 717 Heavens Drive, Unit 8; and 724 Heavens Drive, Unit 4. Carlos Zelaya agreed that he had "provided false written answers under penalty of perjury" when he stated in response to interrogatories in a related civil action in this Court that the fake loan contract was a genuine contract. Rojas also acknowledged that Honduran Public Official 1 (his brother, Mario Zelaya) was a central coconspirator in his crime. Rojas was sentenced on October 3, 2018 to serve 46 months in prison.

Meanwhile, on July 5, 2018, the Court issued a preliminary order of forfeiture, which mandated that the nine parcels of real estate in St. Tammany Parish shall be forfeited to the United States, subject to public notice and adjudication of any third-party ancillary petitions. The government served notice of the order on all interested parties and published notice of the

forfeiture order online between July 10 and August 9, 2018 as required under 21 U.S.C. § 853(n). The government's notice of forfeiture stated its intent to dispose of the nine properties and the right of third parties to petition the Court within 30 days of the final publication date for a hearing to adjudicate the validity of any alleged interest in the forfeited properties:

> Any person, other than the defendant(s) in this case, claiming interest in the forfeited property must file an ancillary petition within 60 days of the first date of publication (July 10, 2018) of this Notice...pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure and 21 U.S.C. § 853(n)(1).... The ancillary petition shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title or interest in the forfeited property, the time and circumstances of the petitioner's acquisition of the right, title and interest in the forfeited property and any additional facts supporting the petitioner's claim and the relief sought, pursuant to 21 U.S.C. § 853(n)....

U.S. Assets LLC, a company that invests in property slated for local tax sale, responded to the government's notices by submitting affidavits certifying its interests in several of the forfeited properties, acquired by paying past-due St. Tammany Parish property tax bills at public tax sales. The government has verified the amounts certified by U.S. Assets LLC and does not dispute U.S. Assets LLC's interests; the government requests that U.S. Assets LLC's interests be acknowledged in a final order of forfeiture because it meets the second ground for relief under §

4

853(n); that is, U.S. Assets LLC acquired legal rights in the properties through bona fide transactions without knowledge of the defendant's criminal conduct.

Legal notice was delivered to Mario Zelaya and Susana Tirado-Zelaya; each of the legal notices states:

> Any person claiming a legal right, title, or interest in the property listed in the enclosed Preliminary Order of Forfeiture must petition the United States District Court for the Eastern District of Louisiana for a hearing to adjudicate the validity of the alleged legal interest.... The petition must:
> - be signed by the petitioner under penalty of perjury;
> - state the nature and extent of the petitioner's claimed right, title, or interest in the property;
> - include the time and circumstances of the petitioner's acquisition of the right, title or interest in the property; and
> - include any additional facts supporting the petitioner's claim and the relief sought.

Mario Zelaya (for the benefit of his wife and children) and Mario Zelaya's wife, Susana Tirado-Zelaya, have filed third-party petitions seeking relief from the preliminary order of forfeiture; in particular, they seek to except from forfeiture three out of the nine properties: 425 Depre Street, Mandeville, Louisiana 70448; 717 Heavens Drive, Unit 8, Mandeville, Louisiana 70471; and 725 Heavens Drive, Unit 4, Mandeville, Louisiana 70471. The government now moves to strike both third-party petitions and seeks a final order of forfeiture.

I.

"Criminal forfeiture statutes empower the government to confiscate property derived from or used to facilitate criminal activity." Honeycutt v. United States, 137 S. Ct. 1626, 1631 (2017). The Comprehensive Forfeiture Act, 21 U.S.C. § 853, provides that a defendant convicted of certain crimes shall forfeit "any property constituting, or derived from, any proceeds the person obtained, directly or indirectly, as the result of such violation." 21 U.S.C. § 853(a)(1). A third party asserting an interest in forfeitable property may claim their interest through an ancillary proceeding. United States v. Holy Land Foundation for Relief and Development, 722 F.3d 677, 685 (5th Cir. 2013) (citations omitted); see also 21 U.S.C. § 853; see also Fed. R. Cr. P. 32.2(c).

The procedures governing ancillary proceedings are recited in 21 U.S.C. § 853(n), "Third party interests," which provides:

> ...
> (2) Any person, other than the defendant, asserting a legal interest in property which has been ordered forfeited to the United States pursuant to this section may within thirty days of the final publication of notice or his receipt of notice under paragraph (1), whichever is earlier, petition the court for a hearing to adjudicate the validity of his alleged interest in the property. The hearing shall be held before the court alone, without a jury.
> (3) The petition shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the property, the time and circumstances of the petitioner's acquisition of the right, title, or

> interest in the property, any additional facts supporting the petitioner's claim, and the relief sought.
> ...
> (6) If, after the hearing, the court determines that the petitioner has established by a preponderance of the evidence that—
>> (A) the petitioner has a legal right, title, or interest in the property, and such right, title, or interest renders the order of forfeiture invalid in whole or in part because the right, title, or interest was vested in the petitioner rather than the defendant or was superior to any right, title, or interest of the defendant at the time of the commission of the acts which gave rise to the forfeiture of the property under this section; or
>> (B) the petitioner is a bona fide purchaser for value of the right, title, or interest in the property and was at the time of purchase reasonably without cause to believe that the property was subject to forfeiture under this section;
>
> the court shall amend the order of forfeiture in accordance with its determination.

Thus, in criminal forfeiture cases, a third party seeking to claim an interest in forfeitable property has only "a limited window to petition the court." United States v. Alvarez, 710 F.3d 565, 567 (5th Cir. 2013)(citing 21 U.S.C. § 853(n)(2)). In addition to mandating that third party petitions be filed within 30 days of published or received notice, the statute likewise mandates that the third party petition shall: "[1] be signed by the petitioner under penalty of perjury" and "[2] set forth the nature and extent of the petitioner's right, title, or interest in the property, the time and circumstances of the petitioner's acquisition of the

right, title, or interest in the property, any additional facts supporting the petitioner's claim, and the relief sought." 21 U.S.C. § 853(n)(3).

The procedures governing ancillary proceedings under § 853(n) are further elaborated in Rule 32.2 of the Federal Rules of Criminal Procedure. When a third party files a petition asserting an interest in the property to be forfeited, the Court must conduct an ancillary proceeding. See Fed. R. Crim. P. 32.2(c)(1). Before proceeding to a formal hearing, however, the Court may dismiss a petition on motion "for lack standing, for failure to state a claim, or for any other lawful reason." Fed. R. Crim. P. 32.2(c)(1)(A). The same standard applicable to a civil motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) applies to the government's motion to dismiss a third-party petition in a forfeiture proceeding when the motion is filed prior to discovery or a hearing. See Fed. R. Crim. P. 32.2 advisory committee's note to subdivision (c); see also United States v. Alvarez, 710 F.3d 565, 567 (5th Cir. 2013); see also United States v. Catala, 870 F.3d 6, 8-9 (1st Cir. 2017); see also United States v. Trafigura AG, No. 06-64, 2008 WL 4057907, at *2 (S.D. Tex. Aug. 26, 2008)(citing United States v. BCCI Holdings (Luxembourg), S.A., 961 F. Supp. 282, 285 (D.D.C. 1997); Pacheco v. Serendensky, 393 F.3d 348, 352 (2d Cir. 2004)). That is, the Court assumes all

well-pleaded facts are true; to survive dismissal, a third-party petition must provide enough facts to state a claim to relief that is plausible on its face. See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). After disposing of any motion under Rule 32.2(c)(1)(A), and before conducting a hearing on the petition, the Court may permit discovery to resolve any factual issues. Fed. R. Cr. P. 32.2(c)(1)(B). If the Court determines during the ancillary proceeding that the petitioner has a valid interest in the property, the Court will amend the forfeiture order. Id. § 853(n)(6). Absent such a showing, the United States acquires clear title to the property. Id. § 853(n)(7). "When the ancillary proceeding ends, the court must enter a final order of forfeiture..." Fed. R. Cr. P. 32.2(c)(2).

Courts strictly construe Section 853's statutory requirements to discourage false or frivolous claims, as this Court previously observed in United States v. Ginn, 799 F. Supp. 2d 645, 647 (E.D. La. 2010)(citations omitted). Accord United States v. Lamid, 663 Fed.Appx. 319, 323 (5th Cir. 2016) (unpublished, per curiam) ("Because of the substantial danger of false claims in forfeiture proceedings, federal courts require **strict compliance** with" Section 853(n)(3)'s requirement that a third party petition be signed under penalty of perjury)(emphasis added). In Ginn, two third parties petitioned the Court for a hearing to adjudicate the

9

validity of their claims to a car and cash, which were subject to a preliminary order of forfeiture arising from a defendant's plea of guilty to possession with the intent to distribute cocaine base. Id. at 646. Neither petition was signed under penalty of perjury; nor did either claimant set forth how or when they came into lawful possession of the property. Id. For these reasons, the government moved to dismiss the claimants' petitions, and the Court granted the government's motion, finding that both petitioners failed to comply with the statutory requirements of 21 U.S.C. § 853(n). Id. at 647.

To reiterate, strict compliance with Section 853's requirements entitles a petitioner to a hearing to contest the property right of the United States. But unsworn or untimely petitions -- or petitions that do not provide sufficient detail regarding the nature of the petitioner's interest -- may be dismissed for failure to comply with the statute's filing requirements.

II.

The government moves the Court to dismiss Mario Zelaya's and Susana Tirado-Zelaya's petitions under Federal Rule of Criminal Procedure 32.2(c)(1)(A); the government also seeks a final order of forfeiture.

*A.*

First, the government submits that neither Mario Zelaya's nor Susana Tirado-Zelaya's third party petitions were signed and sworn under penalty of perjury, mandating dismissal. The Court agrees.

Since the government moved to strike both petitions, Mario Zelaya filed a response in which he swore to the statements in his petition (and its accompanying response) under the penalty of perjury; this response was filed with the Court on December 10, 2018. Susana Tirado-Zelaya did not amend her petition. While at least one court considering a *pro se* petition has held that such a defect can easily be cured by amendment,[1] the Court finds no reason to create an exception to the statutory requirements. To do so would countenance something less than strict compliance. The notice served on the claimants clearly informed them that any petition must be timely filed (within 30 days of receipt of the notice delivered on July 30, 2018) and that the petition signed under penalty of perjury. Susana Tirado failed to sign her petition under penalty of perjury. Her petition must be dismissed.

---

[1] In United States v. Ward, the court refused to dismiss a claim for failure to sign under penalty of perjury, but nonetheless dismissed the petition for failure to show a legal interest in the subject property. No. 07-30013-1, 2007 WL 2993870, at *2-3 (W.D. La. Oct. 11, 2007). The petitioners in Ward claimed a legal interest in a truck because they had given the defendant a prior truck that the defendant had traded in for the truck subject to forfeiture. Id. at *3.

Even assuming Mario Zelaya's amendment satisfies the sworn requirement, the amendment violates the statutory deadline contained in Section 853(n)(2). In fact, the deadline had expired months before Mario Zelaya submitted his December 2018 amendment (which he styles as a response to and petition to dismiss the government's motion to strike). Accordingly, Mario Zelaya's petition must be dismissed. See United States v. Lamid, 663 Fed.Appx. 319, 325 (5th Cir. 2016) (unpublished, per curiam)(citations omitted)("Courts have routinely held that the deadline in section 853(n)(2) is mandatory."); United States v. Alvarez, 710 F.3d 565, 567 (5th Cir. 2013) ("third parties wishing to claim an interest in a property have a limited window to petition the court.").

*B.*

Second, the government submits that both third party petitioners fail to state a claim for relief. Again, the Court agrees.

If the petitioners fail to allege facts supporting superior interests in the property at the time of the criminal offenses, they fail to state a claim under Section 853(n)(6). Notably, petitioners in an ancillary proceeding may not "relitigate[e] the forfeitability of the property." United States v. Holy Land Found. For Relief & Dev., 722 F.3d 677, 690 (5th Cir. 2013). Rather,

petitioners are limited to two types of claims described in § 853(n):

> A third party can prevail in the ancillary proceeding in one of two ways: (1) it can establish priority over the interest of the United States by showing that it had an interest in the property superior to the defendant's interest at the time the defendant committed the crime, 21 U.S.C. § 853(n)(6)(A); or (2) it can establish that it was a bona fide purchaser for value of the property, and, at the time of purchase, had no reason to believe that the property was subject to forfeiture, id. at § 853(n)(6)(B). If a third party is unable to satisfy either § 853(n)(6)(A) or (B), it cannot prevail in the ancillary proceeding.... In the absence of this showing, the United States acquires clear title to the property. Id. at § 853(n)(7).

United States v. Holy Land Found. For Relief & Dev., 722 F.3d 677, 684-85 (5th Cir. 2013)(internal citations omitted).

Neither petition states a claim for which relief may be granted because neither alleges either (a) an interest acquired prior to the conduct for which Rojas was convicted, nor (b) a subsequent interest perfected in a bona fide transaction without knowledge of the criminal conduct.

In her petition, Susana Tirado-Zelaya merely requests leniency due to the dire circumstances of her and her three children if the properties subject to forfeiture are indeed forfeited to the United States; she and her children presently reside in one of the properties. However, she does not assert that she has any legal interest in any of the properties. The

13

Court is not without sympathy for her plight, but she fails to allege any facts that would state a plausible claim for relief. Her petition must be dismissed.

Ms. Tirado's husband's petition fares no better.

Petitioner Mario Zelaya is not only the defendant's brother, but he is also unindicted co-conspirator identified in the factual basis forming the basis of the defendant's guilty plea as Honduran Public Official 1. Because the text of the statute allows "[a]ny person, other than the defendant" to assert a legal interest in forfeitable property, the Court assumes that Mario Zelaya may petition to assert a legal interest in the property. Further assuming that his failure to initially swear to the statements in his petition under penalty of perjury was cured by his amendment including such a statement, Mario Zelaya nevertheless fails to identify sufficient facts that would give rise to a legal interest in the three properties.

Mario Zelaya submits that the Depre Street and Heavens Drive properties are not subject to forfeiture because there was no crime. In other words, Mario Zelaya seeks to contradict the facts his brother, Carlos, acknowledged under oath when he pled guilty.[1]

---

[1] The factual basis underlying Carlos Zelaya's guilty plea stated that he and his brother, petitioner Mario Zelaya, laundered $1,364,000 in bribe payments that Mario Zelaya received as a public official in Honduras into the United States and then used the

Mario Zelaya's petition fails allege either (a) an interest acquired prior to the conduct for which Carlos Zelaya was convicted, nor (b) a subsequent interest perfected in a bona fide transaction without knowledge of the criminal conduct.

As a threshold matter, Mario Zelaya's arguments that the property was not initially forfeitable has no bearing in this ancillary proceeding. The only question is whether the petitioner states a claim under either Section 853(n)(6)(A) or (B).[2] He does not.

Mario Zelaya argues that three properties at issue were his and were purchased with legitimate funds disconnected from the bribery scheme underlying his brother's conviction for conspiracy to commit money laundering. Mario Zelaya's argument fails to state a claim because he fails to allege that he had an interest in the property <u>before</u> Carlos conspired (incidentally, with Mario) to commit money laundering. Section 853(n)(6)(A) requires that the petitioner show that his "interest was superior to any ... interest of the defendant *at the time of the commission of the*

---

proceeds to purchase nine properties located in the Eastern District of Louisiana, including the three properties that Mario Zelaya now claims should not be forfeited to the United States.

[2] Mario Zelaya does not allege any facts suggesting that his interest arose after the crime such that he could be a bona fide purchaser for value of the property, and, thus, the Court need not address Section 853(n)(6)(B).

*acts which gave rise to the forfeiture of the property*." (emphasis added). As the First Circuit recently observed:

> To prevail on the merits under section 853(n)(6)(A), a third party must prove that, at the time of the acts giving rise to the forfeiture were committed, the right to the property to be forfeited was either vested in him rather than the defendant or that his interest in it was superior to the defendant's interest. This provision cannot be read in a vacuum but, rather, must be read in tandem with section 853(c). The latter provision, which embodies the relation-back doctrine, specifies that the right to all property used in committing, and any proceeds derived from, a criminal offense, "vests in the United States upon the commission of the act giving rise to [the] forfeiture." It follows inexorably that a third party asserting an interest in forfeited property must establish that his interest in that specific property existed before the commission of the crime that led to the forfeiture.

United States v. Catala, 870 F.3d 6, 10 (1st Cir. 2017)(internal citations omitted).[3] In other words, given that forfeitable property vests in the government immediately upon the commission

---

[3] Section 853(c), regarding third party transfers, provides:
 All right, title, and interest in property described in subsection (a) vests in the United States upon the commission of the act giving rise to forfeiture under this section. Any such property that is subsequently transferred to a person other than the defendant may be the subject of a special verdict of forfeiture and thereafter shall be ordered forfeited to the United States, unless the transferee establishes in a hearing pursuant to subsection (n) that he is a bona fide purchaser for value of such property who at the time of purchase was reasonably without cause to believe that the property was subject to forfeiture under this section.

of a criminal act, a third party may prevail under 853(n)(6)(A) only if he establishes that he had a legal interest in the forfeited property before the underlying crime was committed -- that is, before the government's interest was vested.

Here, then, Mario Zelaya must show that his interest in the three forfeited properties existed before his brother, Carlos Zelaya, engaged in the conspiracy to commit money laundering that prompted his ultimate conviction. Section 853(c)'s relation-back doctrine stands in Mario Zelaya's way. The government's interest in the properties vested at the time of the offense under the relation back doctrine. See United States v. Gonzalez, 597 Fed.Appx. 270, 271 (5th Cir. 2015)(unpublished, per curiam)(citing 21 U.S.C. § 853(c)). To be sure, a petitioner is unlikely to prevail where the forfeited property consists of proceeds or property derived from or traceable to a criminal offense. See Catala, 870 F.3d at 10 (noting that "section 853(n)(6)(A) claims are generally successful only when the third party can claim an interest in the instrumentalities of a crime...which can sometimes preexist the crime itself."). The acts giving rise to the forfeiture here include those constituting Carlos Alberto Zelaya Rojas's conspiracy (a conspiracy, which, incidentally, involved his brother as an unindicted co-conspirator, who is the petitioner here, and others) to launder criminal proceeds; and those acts

17

began "at a time unknown, but prior to December 1, 2011[;]" before Mario Zelaya purchased the three properties at issue with what he says were legitimate funds. There is no dispute that the contested properties came into Mario Zelaya's possession only after the start of the money laundering conspiracy among his brother and Mario Zelaya himself; the conspiracy began in 2011, and the three properties that are the subject of the present petition were purchased in January and March 2012.[4] Accordingly, Mario Zelaya fails to state a plausible claim.

The Court finds that Susana Tirado and Mario Zelaya have failed to state a claim upon which relief may be granted.

---

[4] The government suggests that Mario Zelaya may not be a "third party" petitioner insofar as he is "an unindicted co-conspirator convicted in a foreign country for his role in the facts" of the criminal case forming the basis for his brother's conspiracy conviction. The Court need not determine whether Mario Zelaya should be disqualified as a petitioner on this ground; the statute suggests "any person, other than the defendant(s) in this case..." may claim an interest in the forfeited property by filing a petition. There is no dispute that Mario Zelaya was not indicted in this criminal matter, and the facts pertaining to Mario Zelaya's conviction in Honduras are not of record. The Court observes that, in considering a motion to strike or dismiss a third party petition in an ancillary proceeding, it is not permitted to resolve factual disputes; Mario Zelaya disputes many of the facts in his third party petition, including whether his conviction in Honduras (whatever its basis) is final. Because Mario Zelaya's petition fails to state a claim both in its failure to comply with mandatory statutory prerequisites as well as its failure to articulate one of the limited claims for relief as recognized by Section 853(n)(6), the Court declines to consider the government's arguments that require consideration of matters outside the scope of its request for relief.

Accordingly, the Government's motion to strike is GRANTED. The petitions of Mario Zelaya and Susana Tirado-Zelaya are hereby dismissed, and a final order of forfeiture shall be issued.

New Orleans, Louisiana, January 23rd, 2019

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE